17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony A. LUCA, Plaintiff-Appellant,
v.
Augustine GONZALES, et al., Defendants-Appellees.
 No. 93-17281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tony A. Luca, an Arizona state prisoner, appeals pro se from the district court's award of summary judgment in favor of the defendants in his civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Appellant brought this civil rights action against prison officials, alleging that they acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. The district court granted summary judgment to the defendants.[1]
 
 
 4
 This court reviews the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). A material fact is one that is relevant to the determination of the action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the nonmoving party must do more than simply show that there is some doubt as to the existence of a material fact; the nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
 
 
 5
 Appellant alleged that the defendants acted with deliberate indifference to his serious medical needs by assigning him to a work detail that required him to lift heavy cans despite his undocumented complaint of a hernia condition.
 
 
 6
 To state a constitutional claim for deliberate indifference to serious medical needs, the prisoner must first demonstrate the existence of a serious medical condition of which the prison officials should have been aware. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), reh. den., 429 U.S. 1066 (1977). Once such a condition is established, the prisoner must demonstrate purposeful indifference to the condition on the part of the officials. Id.
 
 
 7
 The relevant facts are not in dispute. Appellant did complain to appellees Gonzales, Granillo and Wells of a medical condition that would be aggravated by the unloading of trash cans he had been assigned to perform. Appellant's medical records contained no documentation of a need for limited duty status and no hernia diagnosis, but appellee Wells agreed to appellant's request to limit the weight of the cans appellant would be required to lift.
 
 
 8
 When appellant reported for duty, the cans presented for lifting were heavier than anticipated by appellant or by appellee Wells. However, none of the officers to whom appellant had complained of a medical condition were present. Appellant did not notify the only officer present, defendant Gallagher, of his concerns or of the agreement reached with CSO Wells. He proceeded to move the cans and did not complain of any pain until he was finished, at which time he was promptly examined and placed on limited duty status. No hernia or need for medical treatment was diagnosed.
 
 
 9
 Appellant has failed to demonstrate deliberate indifference to a serious medical condition. When appellant complained of pain to three of the defendants, he was permitted to limit his heavy lifting to an agreed weight, despite the lack of documentation of a medical condition requiring such a limit. When appellant discovered that the cans were heavier than anticipated, he proceeded to lift them without protest. There is no evidence whatever that any defendant who knew of appellant's medical concerns was indifferent to them. Further, appellant was examined three days before and immediately after the work detail at issue, and no need for treatment was diagnosed.
 
 
 10
 The undisputed facts demonstrate that appellant has failed to make any showing as to the existence of a known medical condition which was deliberately ignored by any defendant. Consequently, the district court properly granted summary judgment on appellant's Eighth Amendment claim.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not approriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant Gallagher was dismissed pursuant to Fed.R.Civ.P. 12(b)(6). This court affirmed that dismissal on January 25, 1994 in No. 93-15470
 
 
 [2]
 Appellant also alleged that appellee Frame violated his Eighth Amendment right to be free from cruel and unusual punishment when he "rudely" ordered appellant to interrupt his dinner to report for the work assignment. Such an allegation does not rise to the level of a constitutional violation. See Trop v. Dulles, 356 U.S. 86, 101 (1958)